# EXHIBIT A



(/DEFAULT.ASPX)

Civil
Case Information
Thirteenth Judicial Circuit of Kanawha County

17-C-1394
Judge: JENNIFER BAILEY
JOHN MCBRAYER & VIRGINIA MCBRAYER VS. HARTFORD INSURANCE COMPANY OF THE MIDWES

Plaintiff(s)
    Plaintiff Attorney(s)

MCBRAYER, JOHN
MCBRAYER, VIRGINIA
  ANDREA NEASE MARKINS|TONY O'DELL

Defendant(s)
    Defendant Attorney(s)

HARTFORD INSURANCE COMPANY OF
       N/A

Date Filed: 10/10/2017
Case Type: CIVIL
Appealed: 0
Final Order Date: N/A
Statistical Close Date: N/A

| Line | Date | Action / Result |
|---|---|---|
| 0001 | 10/10/2017 | # CASE INFO SHEET; COMPLAINT; ISSUED SUM & 2 CPYS; F FEE; RCPT |
| 0002 | | # 555310; $200.00 |
| 0003 | 10/31/2017 | # E-CERT FR SS AS TO HARTFORD INS. CO. OF THE MIDWEST DTD |
| 0004 | | # 10/23/17 |

These materials have been prepared by the Office of the Clerk of the various Circuit Courts from original sources and data believed to be reliable. The information contained herein, however, has not been independently verified by the Office of the Clerk or Software Computer Group, Incorporated. The Office of the Clerk of the Circuit Courts and Software Computer Group, Inc. assume no liability for the accuracy, completeness, or timeliness of the information contained herein.

Software Computer Group | PO Box 27 | Fraziers Bottom WV 25082



# Service of Process Transmittal
10/23/2017
CT Log Number 532153803

**TO:** Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

**RE:** **Process Served in West Virginia**

**FOR:** Hartford Insurance Company of the Midwest (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOHN MCBRAYER and VIRGINIA MCBRAYER, Pltfs. vs. Hartford Insurance Company of the Midwest, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint |
| **COURT/AGENCY:** | Kanawha County Circuit Court, WV<br>Case # 17C1394 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/23/2017 postmarked on 10/19/2017 |
| **JURISDICTION SERVED:** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Tiano L. O'Dell<br>TIANO O'DELL, PLLC.<br>Post Office Box 11830<br>Charleston, WV 25339<br>304-720-6700 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/23/2017, Expected Purge Date: 10/28/2017<br><br>Image SOP<br><br>Email Notification, Michael Johnson MICHAEL.JOHNSON@THEHARTFORD.COM<br><br>Email Notification, Massimo Fraschilla Massimo.Fraschilla@thehartford.com<br><br>Email Notification, Fiona Rosenberg Fiona.Rosenberg@thehartford.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>5400 D Big Tyler Road<br>Charleston, WV 25313<br>919-821-7139 |

Page 1 of 1 / SH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CERTIFIED MAIL**




U.S. POSTAGE >> PITNEY BOWES

ZIP 25311 $ 006.20⁰
02 4W
0000336774 OCT 19 2017

BUSINESS & LICENSING

1510 - C3

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0002 1739 41

HARTFORD INSURANCE COMPANY OF THE MIDWEST
C. T. Corporation System
5400 D Big Tyler Road
CHARLESTON, WV 25313



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

Control Number: 204525
Defendant: HARTFORD INSURANCE COMPANY OF THE MIDWEST
5400 D Big Tyler Road
CHARLESTON, WV 25313 US

Agent: C. T. Corporation System
County: Kanawha
Civil Action: 17-C-1394
Certified Number: 92148901125134100002173941
Service Date: 10/18/2017

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your authorized insurance company as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, *not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

## SUMMONS
## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**JOHN McBRAYER and**
**VIRGINIA McBRAYER,**

        Plaintiffs,

v.

        Civil Action No. 17-C-1394

**HARTFORD INSURANCE COMPANY**
**OF THE MIDWEST,**

        Defendant.

**TO THE ABOVE-NAMED DEFENDANT:**

    Hartford Insurance Company of the Midwest
    c/o CT Corporation System
    5400 D Big Tyler Road
    Charleston, WV 25313

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Tony L. O'Dell, plaintiff's attorney, whose address is Post Office Box 11830, Charleston, West Virginia 25339, an answer, including any related counterclaim you may have, to the **Complaint** filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **thirty (30) days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: Oct 10th, 2017

**Cathy S. Gatson, Clerk**
CLERK OF THE CIRCUIT COURT

By: G. Bradshaw
       Deputy Clerk

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

JOHN MCBRAYER and
VIRGINIA MCBRAYER,

        Plaintiffs,

v.

        Civil Action No. 17-C-1394
        Judge: Bailey

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

        Defendant.

FILED 2017 OCT 10 P 1:11 CATHY S. GATSON, CLERK KANAWHA COUNTY CIRCUIT COURT

## COMPLAINT

The plaintiffs, John McBrayer and Virginia McBrayer, for their Complaint state as follows:

1. The plaintiffs, John McBrayer and Virginia McBrayer, husband and wife, are residents of Gallagher, Kanawha County, West Virginia, and have resided there at all times alleged herein.

2. The defendant, Hartford Insurance Company of the Midwest (hereinafter sometimes referred to as "The Hartford") is a corporation with its principal place of business in Indianapolis, Indiana, and doing business in Kanawha County, West Virginia, at all times as alleged herein. This defendant is Plaintiffs' underinsured carrier.

### COUNT I – BREACH OF CONTRACT – UNDERINSURED MOTORIST BENEFITS

The plaintiffs reallege paragraphs 1 through 2 as though set forth fully herein, and further allege as follows:

3. On or about October 20, 2015, Plaintiff John McBrayer was operating a 2016 Chevrolet Traverse and was traveling south on Interstate 77 in Kanawha County, West Virginia in a reasonable and careful manner.

4. On or about the date as aforesaid, Hayley Keyser was operating a 2006 Ford 500 and was also traveling south on Interstate 77 in Kanawha County, West Virginia in a careless and negligent manner.

5. On or about the date as aforesaid, Plaintiff John McBrayer, was traveling on Interstate 77 and had to apply his brakes to avoid an obstruction in the road when Hayley Keyser negligently and carelessly failed to: keep a proper distance, maintain a safe speed for the circumstances, maintain control of her vehicle, and crashed into the rear of the vehicle being driven by Plaintiff John McBrayer.

6. As a direct and proximate result of the negligence and carelessness of Hayley Keyser, as aforesaid, the Plaintiff John McBrayer has suffered harms and losses; was injured in and about his neck, back and shoulder, and other parts of his body; has sustained permanent injuries; has endured pain and suffering, both in the past and in the future; has sustained an impairment of the capacity to enjoy life both past and future; has incurred lost wages, and will continue to do so in the future; and has in the past suffered annoyance, aggravation, and mental anguish and will continue to do so in the future.

7. Further, as a direct and proximate result of the negligence, carelessness, recklessness, of the Defendant, as hereinabove described, Plaintiff Virginia McBrayer has been deprived of the loss of society, companionship, and consortium of her husband, John McBrayer.

8. At all relevant times, The Hartford was engaged in the business of

insurance, as defined in the West Virginia Unfair Trade Practices Act *§33-11-2, et seq.* of the West Virginia Code.

9. Plaintiff John McBrayer and Virginia McBrayer were insured under a policy of insurance issued to them through Hartford Insurance Company of the Midwest ("The Hartford") which included underinsured motorist coverage. The plaintiffs purchased underinsured motorist coverage in the amount of $50,000.00 through The Hartford that was applicable to the auto crash involving Haley Keyser and John McBrayer on October 20, 2015.

10. At all times as alleged herein, the defendant, Hartford, owed and continued to owe a duty of good faith and fair dealing to its insureds, John and Virginia McBrayer.

11. All premiums were paid as due and Plaintiffs complied with all the terms and conditions of The Hartford policy at issue.

12. Haley Keyser's negligent and careless conduct was the sole proximate cause of the October 20, 2015 crash.

13. Plaintiffs' personal claims against Hayley Keyser as described in Count I were settled through payment of its bodily injury policy limits by Hayley Keyser's bodily injury liability insurance carrier, Erie Insurance Company.

14. The defendant, Hartford Insurance Company of the Midwest, waived subrogation and consented to the settlement. At all times relevant hereto, Haley Keyser was operating an underinsured motorist vehicle defined by West Virginia law, and Haley Keyser was an underinsured motorist at all times alleged herein.

15. By letter dated April 11, 2017, Plaintiffs submitted medical records and other information to The Hartford detailing Plaintiff John McBrayer's injuries as a result of the

October 20, 2015 crash, and demanded that The Hartford pay its underinsured motorists coverage of $50,000.00.

16. On April 27, 2017, The Hartford offered $7,500 to settle John McBrayer's underinsured motorist claim.

17. On April 27, 2017, The Hartford provided no explanation to support why its offer was only $7,500.

18. Plaintiff John McBrayer suffered permanent injuries in the October 20, 2015 crash.

19. The Hartford was made aware that John McBrayer suffered permanent injuries in the October 20, 2015 crash before its first settlement offer to John McBrayer.

20. On June 5, 2017, The Hartford increased its settlement offer to $10,000.

21. On June 5, 2017, The Hartford provided no explanation to support its settlement offer of $10,000, nor did The Hartford indicate what information it used to increase its settlement offer from $7,500 to $10,000.

22. On September 25, 2017, Plaintiffs' counsel wrote The Hartford and rejected the $10,000 settlement offer and reiterated Plaintiffs' underinsured motorist coverage policy limits demand of $50,000.00.

23. On September 26, 2017, The Hartford increased its settlement offer to $15,000.

24. On September 26, 2017, The Hartford provided no explanation to support its settlement offer of $15,000, nor did The Hartford indicate what information it used to increase its settlement offer from $10,000 to $15,000.

25. During the course of settlement negotiations regarding Plaintiffs' underinsured motorist claim, The Hartford doubled its settlement offer without any new evidence to consider being provided to The Hartford.

26. Each of The Hartford's settlement offers detailed above were unfairly low.

27. The Hartford has yet to make a fair and reasonable settlement offer to compensate Plaintiffs John McBrayer and wife, Virginia McBrayer, for their harms and losses under their applicable underinsured motorist coverage even though the company has medical records and other information in its possession to substantiate the claims for months. Instead, The Harford has only made "low ball" settlement offers.

28. In particular, The Harford breached its contract with Plaintiffs when it offered the Plaintiffs only $7,500 to resolve their claims, even though it knew that Plaintiffs' damages greatly exceeded that amount.

29. In particular, The Harford breached its contract with Plaintiffs when it offered the Plaintiffs only $10,000 to resolve their claims, even though it knew that Plaintiffs' damages greatly exceeded that amount.

30. In particular, The Harford breached its contract with Plaintiffs when it offered the Plaintiffs only $15,000 to resolve their claims, even though it knew that Plaintiffs' damages greatly exceeded that amount.

31. The Hartford has wrongfully determined that John McBrayer's claim is worth less than the fair amount simply because John McBrayer is a veteran and some of his medical treatment for the injuries he suffered during the October 20, 2017, crash was provided to John McBrayer by the Veteran's Administration without additional charge because of his past service to our country.

32. The cost of John McBrayer's medical services does not diminish the value of John McBrayer's human harms and losses like pain, suffering, loss of enjoyment of life, aggravation and inconvenience.

33. As a direct and proximate result of Defendant The Hartford's breach of contract, its duty of good faith and fair dealing, and its other legal duties under its underinsured policy with Plaintiffs, Plaintiffs were wrongfully deprived of the underinsured motorist benefits due and owing under Plaintiffs Hartford policy, and Plaintiffs were caused to suffer other economic and non-economic damages.

34. Plaintiffs are entitled to recover damages from The Hartford for the damages they have sustained due to The Hartford's breach of contract and its duty of good faith and fair dealing, including his attorney fees and expenses, net economic loss, and annoyance and inconvenience.

## COUNT II- COMMON-LAW "BAD FAITH"

Plaintiffs reallege paragraphs 1 through 34 above as though fully set forth herein, and further alleges as follows:

35. Through its actions described herein and its refusal to pay the Plaintiffs' claims, Defendant The Hartford breached its common-law duty of good faith and fair dealing to Plaintiffs, such that its conduct amounts to "common-law bad faith," as recognized in the case of *Hayseeds v. State Farm Fire and Cas. Co.*, 177 W. Va. 323, 352 S.E.2d 73 (1986).

36. Through its actions described herein and its refusal to pay the Plaintiffs' claims, Defendant The Hartford compelled Plaintiffs to retain counsel in order to attempt to recover the amounts due under the subject underinsured policy.

37. As a direct and proximate result of The Hartford's "bad faith" and its breach of its common law duty of good faith and fair dealing, Plaintiffs are entitled to recover from The Hartford the economic and non-economic damages permitted under *Hayseeds* when a claimant such as the Plaintiffs "substantially prevail" including their attorney's fees and costs, net economic losses, interest, annoyance and inconvenience and other general damages.

38. From its initial notification of the Plaintiffs' claims for underinsured motorist benefits, The Hartford acted maliciously and willfully, predetermined to delay and/or deny fair payment of the Plaintiffs valid claims.

39. Defendant The Hartford's deliberate and malicious conduct proximately caused continuing economic and non-economic damages to Plaintiffs, all of which warrants and commands an award of punitive damages, as permitted under *Hayseeds*.

### COUNT III – UNFAIR TRADE PRACTICES

Plaintiffs reallege paragraphs 1 through 39 above as though fully set forth herein, and further alleges as follows:

40. Defendant The Hartford had adequate notice of the Plaintiffs' claims for underinsured motorist benefits, and had adequate time to investigate any liability and damage issues, and they were not in any way prejudiced by the timeliness or lack of timeliness of such notification.

41. At all times relevant herein, Defendant The Hartford refused to acknowledge and act reasonably and promptly upon communications with respect to the claims of the Plaintiffs, and this constitutes a direct violation of *W.Va. Code §33-11-4(9)(b)*.

7

42. At all times relevant herein, Defendant The Hartford failed to adopt and/or implement reasonable standards for the prompt investigation of Plaintiffs' claim arising under the Policy, and this constitutes a direct violation of *W.Va. Code §33-11-4(9)(c)*.

43. At all times relevant herein, Defendant The Hartford delayed payment of the Plaintiffs' claims and failed to conduct a prompt and reasonable investigation based upon all available information, and this constitutes a direct violation of *W.Va. Code §33-11-4(9)(d)*.

44. At all times relevant herein, Defendant The Hartford did not attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims despite the fact that The Hartford's liability was reasonably clear, and this constitutes a direct violation of *W.Va. Code §33-11-4(9)(f)*.

45. Defendant The Hartford compelled the Plaintiffs to retain counsel in order to recover the amounts due under the Plaintiffs' policy, and this constitutes a direct violation of *W.Va. Code §33-11-4(9)(g)*.

46. At all times relevant herein, Defendant The Hartford failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for its offer of a compromise settlement, and this constitutes a direct violation of *W.Va. Code §33-11-4(9)(n)*.

47. Defendant The Hartford failed to offer the Plaintiffs amounts which were fair and reasonable, as shown by The Hartford's own investigation, despite the fact that no dispute as to The Hartford's coverage or liability existed, but instead attempted to settle the Plaintiffs' claims by making settlement offers which were unreasonably low, and this constitutes a direct violation of W.Va. Code of State Regulations (C.S.R.) §114-14-6.4.

48. The conduct of The Hartford is part of a general business practice and constitutes unfair claims settlement practices under West Virginia law, and specifically under the provisions of *W. Va. Code §33-11-4(9)*.

49. As a direct and proximate result of the Defendant's violations of *W.Va. Code §33-11-4(9)*, Plaintiffs were deprived of the underinsured motorist benefits due and owing under plaintiffs' Hartford policy, and Plaintiffs have sustained other economic and non-economic damages, as well as the costs incurred in pursuing this action, attorney's fees, annoyance and inconvenience, and other general damages.

50. From the initial notification of the Plaintiffs' underinsured motorists claims, Defendant The Hartford acted maliciously and willfully, predetermined to delay and/or refuse reasonable payment of the claims of Plaintiffs in violation of *W.Va. Code §33-11-4(9)*.

51. At all times relevant herein, the Defendant acted with the deliberate and malicious intent to injure and damage Plaintiffs in violation of West Virginia law, all of which has proximately caused continuing economic and non-economic damages to the Plaintiffs, and which warrants and commands an award of punitive damages.

52. Under the legal precedent established in *Jenkins v. JC Penney Cas. Ins. Co.*, 280 S.E.2d 252 (W. Va. 1981), and *Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1 (W. Va. 1996), this Court has jurisdiction over this private cause of action for the unfair claims settlement practices and bad faith of the Defendant, and Plaintiffs are entitled to an award of damages for legal fees and costs, net economic losses, annoyance and inconvenience, general damages and punitive damages pursuant to said cause of action.

**WHEREFORE**, the plaintiffs, John and Virginia McBrayer, hereby demand judgment from the Defendant, Hartford Insurance Company of the Midwest, as follows: compensatory

damages from Defendant The Hartford for an amount in excess of this Court's jurisdictional limits, and as proven at trial, arising from Defendant The Hartford's breach of contract; compensatory and punitive damages from Defendant The Hartford for an amount in excess of this Court's jurisdictional limits, and as proven at trial, arising from Defendant The Hartford's bad faith, and its breach of its covenant of good faith and fair dealing; compensatory and punitive damages from Defendant The Hartford for an amount in excess of this Court's jurisdictional limits, and as proven at trial, arising from Defendant's violation of the West Virginia Unfair Trade Practices Act; and such further and additional relief from Defendant as the Court may deem just and proper, including pre-judgment and post-judgment interest, attorney fees, and the costs of this action.

**THE PLAINTIFFS FURTHER DEMAND A TRIAL BY JURY.**

                                            **JOHN MCBRAYER and**
                                            **VIRGINIA MCBRAYER,**

                                            By Counsel

Tony L. O'Dell (WV Bar #5770)
Andrea Nease Markins (WV Bar #9354)
TIANO O'DELL, PLLC.
Post Office Box 11830
Charleston, WV 25339
(304) 720-6700
*Counsel for Plaintiffs*