UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JOHN MCBRAYER, and
VIRGINIA MCBRAYER

    Plaintiffs,

v.                      Civil Action No. 2:17-cv-4384

HARTFORD INSURANCE COMPANY
OF THE MIDWEST

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to bifurcate and stay, filed May 22, 2018.

I.

This case arises from a car accident that occurred on Interstate 77 in Kanawha County, West Virginia on or about October 20, 2015. Complaint ¶¶ 3-5. Plaintiff John McBrayer was operating a vehicle while traveling south on Interstate 77 when he applied his brakes to avoid an obstruction in the road. Id. at ¶ 3. At that time, another driver, Hayley Keyser, crashed into the rear of Mr. McBrayer's vehicle, causing him to suffer "harms and losses . . . injur[ies] in and about his neck, back and shoulder, and other parts of his body . . . permanent injuries . . . pain and suffering, both in the past and in the

future . . . an impairment of the capacity to enjoy life both past and future . . . last wages . . . and annoyance, aggravation, and mental anguish." Id. at ¶¶ 5-6. As a result of these harms and injuries, plaintiff Virginia McBrayer "has been deprived of the loss of society, companionship, and consortium of her husband, John McBrayer." Id. at ¶ 7.

Hayley Keyser was operating an underinsured motor vehicle and was, at all times relevant to the complaint, an underinsured motorist. Id. at ¶ 14. The McBrayers were insured under a policy issued to them by Hartford Insurance Company of the Midwest ("Hartford"), which included underinsured motorist coverage in the amount of $50,000.00. Id. at ¶ 9. Any claims plaintiffs had against the other driver, Hayley Keyser, were settled by payments of her bodily injury liability insurance carrier, Erie Insurance Company. Id. at ¶ 13. Hartford waived subrogation and consented to this settlement. Id. at ¶ 14.

On April 11, 2017, plaintiffs submitted medical records to Hartford detailing Mr. McBrayer's permanent injuries as a result of the October 20, 2015 crash and demanding payment of $50,000.00 under plaintiffs' underinsured motorist coverage. Id. at ¶ 15. Hartford made an initial offer of $7,500.00 to settle the claim on April 27, 2017. Id. at ¶ 16. On June 5, 2017, Hartford increased its offer to $10,000.00 with no

explanation as to why the offer was increased.  Id. at ¶¶ 20-21. On September 25, 2017, plaintiffs' counsel rejected the offer of $10,000 and reiterated the demand for $50,000.00 per the policy limits.  Id. at ¶ 22.  The next day, Hartford made an offer of $15,000.00 to settle the claim and again provided no information to support this offer or the increase over previous offers.  Id. at ¶¶ 23-24.  Unsatisfied with the third offer, plaintiffs then brought this suit against Hartford alleging breach of contract, common law bad faith, and unfair trade practices in violation of W. Va. Code § 33-11-4(9) and W. Va. Code R. § 114-14-6.4.  See Id. at ¶¶ 33-35, 41-50.

Defendant now moves to bifurcate this case "so as to isolate the contractual issue and stay all proceedings and discovery on the remaining claims."  Def's. Mot. at 1.  Hartford represents that such bifurcation would promote judicial economy, avoid undue prejudice to defendant, prevent confusion of issues, and will not result in duplicative efforts because "resolution of the breach of contract issue could eliminate the need to try plaintiffs' remaining claims."  Def's. Mem. Supp. Mot. 1, 4. Plaintiffs oppose this motion.  See generally Pls.' Resp.

II.

Federal Rule of Civil Procedure 42(b) provides as follows:

> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). In Light v. Allstate Ins. Co., 203 W. Va. 27, 506 S.E.2d 64 (1998), the Supreme Court of Appeals of West Virginia revisited its holding in State ex rel. State Farm Fire & Casualty Co. v. Madden, 192 W. Va. 155, 451 S.E.2d 721 (1994). In Madden, it was implied that bifurcation and stay of a third-party claim of bad faith against an insurer are mandatory; however, the Light decision provides that "in a first-party bad faith action . . . ., bifurcation and stay of the bad faith claim from the underlying action are not mandatory," thus leaving it to the discretion of the court. Id. 203 W. Va. at 35, 506 S.E.2d at 72; see Scarberry v. Huffman, No. 3:10-0831, 2010 WL 4068923, 2010 U.S. Dist. LEXIS 110239 (S.D. W. Va. Oct. 15, 2010).

To guide the trial court's exercise of discretion concerning the propriety of a bifurcation and stay, Light contains six applicable factors for consideration: (1) the

number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery. Id. The proponent of the stay and bifurcation bears the burden of persuasion. Id.

The court now considers the Light factors in turn.

1. Number of Parties

There are relatively few parties to the pending action: plaintiffs, the McBrayers, and defendant Hartford. All parties are concerned with all three of the counts asserted against Hartford. This factor weighs in favor of proceeding with discovery on all claims.

2. Complexity of Underlying Case

The facts and claims at issue in this matter do not appear to be complex. All claims asserted against Hartford stem from the same accident and alleged deficiencies in Hartford's claim negotiations. While the claims for bad faith and unfair

trade practices are separate from the question of whether a breach of contract occurred, they do not render this case so complex that a bifurcation of discovery is necessary.

### 3. Undue Prejudice to Insured

The plaintiffs, as the insured, would likely be unduly prejudiced by the delay and costs associated with potentially duplicative discovery that could result from a bifurcation at this time.  While it is true that resolution of plaintiffs' claims for bad faith and unfair trade practices could be rendered moot by a finding that Hartford did not breach the contract, this does not summarily outweigh the potential prejudice of a protracted discovery process.  If discovery is bifurcated, plaintiffs may be put in the position of having to depose Hartford's representatives multiple times.  Additionally, the parties have an increased ability to settle these claims without court intervention when all facts on all issues are known to the parties.

### 4. Single Jury

The bifurcation and stay of discovery could result in two jury trials before separate juries.  Inasmuch as discovery for the second phase would not begin until verdict by the first

jury, a new jury would in due course be required if plaintiffs prevailed in the first phase. This imposes an additional burden on the court and the parties.

### 5. Feasibility of Partial Discovery

There is no indication that partial discovery would be unfeasible. Even so, the practical advantages of unified discovery as well as the potential burden on plaintiffs in staying discovery on two of their three claims tends to outweigh this factor.

### 6. Burden on Court by Imposing Stay

Again, the burden on the court would likely be increased by the bifurcation and stay of discovery on a portion of the plaintiffs' claims, resulting in two jury trials instead of one. If discovery were bifurcated, the court may be put in the position of resolving similar discovery disputes at both stages. Further, the evidence and witnesses will likely have significant overlap on all claims, and the resolution of potential dispositive motions may be more easily done when the court is in receipt of all of the relevant evidence.

Because the Light factors weigh strongly in favor of proceeding with unified discovery, Hartford's motion is denied. This determination comports with the result reached in similar cases in this court, the majority of which deny such motions to bifurcate and stay discovery. See, e.g., Sheppard v. Direct Gen. Ins. Co., No. 3:16-11418 2017 U.S. Dist. LEXIS 93616 (S.D. W. Va. June 19, 2017); Wilkinson v. Mut. Of Omaha Ins. Co., No. 2:13-cv-09356, 2014 WL 880876, 2014 U.S. Dist. LEXIS 28599 (S.D. W. Va. March 6, 2014); Scarberry v. Huffman, No. 3:10-0831, 2010 WL 4068923, 2010 U.S. Dist. LEXIS 110239 (S.D. W. Va. Oct. 15, 2010); Chaffin v. Watford, No. 3:08-0791, 2009 WL 772916, 2009 U.S. Dist. LEXIS 22314 (S.D. W. Va. March 18, 2009); Holley v. Allstate Ins. Co., No. 3:08-1413, 2009 U.S. Dist. LEXIS 75794 (Feb. 12, 2009); Tustin v. Motorists Mut. Ins. Co., No. 5:08CV111, 2008 WL 5377835, 2008 U.S. Dist. LEXIS 103368 (S.D. W. Va. Dec. 22, 2008). Contra Ferrell v. Brooks, No. 5:05CV115, 2006 WL 1867267, 2006 U.S. Dist. LEXIS 48918 (N.D. W. Va. June 30, 2006) (granting bifurcation and stay of discovery upon parties' joint motion).

III.

In accordance with the foregoing discussion, it is **ORDERED** that defendant's motion to bifurcate and stay be, and it hereby is, denied as to discovery. Inasmuch as the motion requests bifurcation for the purposes of trial, it is ORDERED that defendant's motion be, and it hereby is, denied without prejudice to its renewal after the completion of discovery.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: August 14, 2018

John T. Copenhaver, Jr.
United States District Judge